# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

--------------------------------------------------------------------X

JOAN MASON AND WILLIAM MASON,

           Plaintiff,

    -against-

STEVEN KLEIN, M.D. and MONTEFIORE MEDICAL
CENTER, MOUNT VERNON NEIGHBORHOOD
HEALTH CENTER, INC.

           Defendants.

--------------------------------------------------------------------X

**Index No.:**
Date Purchased:

**SUMMONS**

Plaintiff designates New York
County as the place of trial

The basis of venue is:
Plaintiff's residence

To the above-named Defendants:

  **You are hereby summoned** to answer the Complaint in this action, and to serve a copy of
your Answer, or, if the Complaint is not served with the Summons to serve a notice of appearance
on the plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive
of the day of service, where service is made by delivery upon you personally within the state, or
within thirty (30) days after completion of service where service is made in any other manner. In
case of your failure to appear or answer, judgement will be taken against you by default for the
relief demanded in the Complaint.

Dated: New York, New York
   December 6, 2018

           **JOSH H. KARDISCH, ESQ.**
           **RUSSO & TONER, LLP**
           *Attorneys for Plaintiffs*
           **JOAN MASON AND**
           **WILLIAM MASON**
           33 Whitehall Street, 16th Floor
           New York, New York 10004
           (212) 482-0001
           Our File No.: 625.022

To:  STEVEN KLEIN, MD
    Mount Vernon Neighborhood Health Center
    107 West 4th Street
    Mount Vernon, NY 10550

Case 7:21-cv-05447-NSR   Document 1-1   Filed 06/21/21   Page 3 of 22

STEVEN KLEIN, MD
150 Longwood Avenue
New Rochelle, NY 10550

MOUNT VERNON NEIGHBORHOOD HEALTH CENTER, INC.
107 West Fourth Street
Mount Vernon, New York, 10550

MONTEFIORE MEDICAL CENTER
16 Guion Place
New Rochelle, NY 10801-5502

MONTEFIORE MEDICAL CENTER
111 East 210th Street
Bronx, NY 10467

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
JOAN MASON AND WILLIAM MASON,                                    Index No.:

                                    Plaintiffs,                  **VERIFIED**
                                                                 **COMPLAINT**
            -against-

STEVEN KLEIN, M.D. and MONTEFIORE MEDICAL
CENTER, MOUNT VERNON NEIGHBORHOOD
HEALTH CENTER, INC.
                                    Defendants.
-------------------------------------------------------------------X

Plaintiffs, **JOAN MASON** and **WILLIAM MASON**, by and through their attorneys,

**RUSSO & TONER**, **LLP,** as and for their Verified Complaint, respectfully allege as follows:

1.      At all times relevant herein, **JOAN MASON** was and is a resident of the County

of Westchester and State of New York.

2.      At all times relevant herein, **WILLIAM MASON** was and is a resident of the

County of Westchester and State of New York.

3.      At all times relevant herein, **STEVEN KLEIN, MD**, was and is a physician

licensed to practice medicine in the State of New York.

4.      At all times relevant herein, defendant **STEVEN KLEIN, MD**, did and does

practice medicine in the State of New York.

5.      At all times relevant herein, **MONTEFIORE MEDICAL CENTER** was and is a

domestic corporate entity duly formed, organized and existing under the laws of the State of New

York.

6.      At all times relevant herein, **MONTEFIORE MEDICAL CENTER** was and is a

domestic non-corporate entity duly formed, organized and existing under the laws of the State of

3

Case 7:21-cv-05447-NSR Document 1-1 Filed 06/21/21 Page 5 of 22

New York.

7. At all times relevant herein, **MONTEFIORE MEDICAL CENTER** was and is a foreign corporate entity duly formed, organized and existing under the laws of a state other than New York.

8. At all times relevant herein, **MONTEFIORE MEDICAL CENTER** was and is a foreign non-corporate entity duly formed, organized and existing under the laws of a state other than New York.

9. At all times relevant herein, **MONTEFIORE MEDICAL CENTER** was and is authorized to conduct and was and is, in fact, conducting business as a full-service medical facility with a primary care and specialty practice within the State of New York.

10. At all times relevant herein, **MONTEFIORE MEDICAL CENTER** maintained and maintains a facility and principal place of business in the County of Westchester and State of New York.

11. At all times relevant herein, **MOUNT VERNON NEIGHBORHOOD HEALTH CENTER, INC.** was and is a domestic corporate entity duly formed, organized and existing under the laws of the State of New York.

12. At all times relevant herein, **MOUNT VERNON NEIGHBORHOOD HEALTH CENTER, INC.** was and is a domestic non-corporate entity duly formed, organized and existing under the laws of the State of New York.

13. At all times relevant herein, **MOUNT VERNON NEIGHBORHOOD HEALTH CENTER, INC.** was and is a foreign corporate entity duly formed, organized and existing under the laws of a state other than New York.

14. At all times relevant herein, **MOUNT VERNON NEIGHBORHOOD HEALTH**

4

**CENTER, INC.** was and is a foreign non-corporate entity duly formed, organized and existing under the laws of a state other than New York.

15.     At all times relevant herein, **MOUNT VERNON NEIGHBORHOOD HEALTH CENTER, INC.** was and is authorized to conduct and was and is, in fact, conducting business as a full-service medical facility with a primary care and specialty practice within the State of New York.

16.     At all times relevant herein, **MOUNT VERNON NEIGHBORHOOD HEALTH CENTER, INC.** maintained and maintains a facility and principal place of business in the County of Westchester and State of New York.

17.     At all times relevant herein, defendant **STEVEN KLEIN, MD**, was and is professionally associated with **MONTEFIORE MEDICAL CENTER**.

18.     At all times relevant herein, defendant **STEVEN KLEIN, MD**, was and is employed by **MONTEFIORE MEDICAL CENTER**.

19.     At all times relevant herein, defendant **STEVEN KLEIN, MD**, was and is compensated by **MONTEFIORE MEDICAL CENTER**.

20.     At all times relevant herein, defendant **STEVEN KLEIN, MD**, was and is a principal in **MONTEFIORE MEDICAL CENTER**.

21.     At all times relevant herein, defendant **STEVEN KLEIN, MD**, was and is a shareholder in **MONTEFIORE MEDICAL CENTER**.

22.     At all times relevant herein, defendant **STEVEN KLEIN, MD**, was and is a partner in **MONTEFIORE MEDICAL CENTER**.

23.     At all times relevant herein, defendant **STEVEN KLEIN, MD**, was and is an owner in **MONTEFIORE MEDICAL CENTER**.

5

Case 7:21-cv-05447-NSR Document 1-1 Filed 06/21/21 Page 7 of 22

24. At all times relevant herein, **STEVEN KLEIN, MD**, shared and shares in the profits and losses of **MONTEFIORE MEDICAL CENTER**.

25. At all times relevant herein, **STEVEN KLEIN, MD**, participated and participates in the professional decision-making of **MONTEFIORE MEDICAL CENTER**.

26. At all times relevant herein, **STEVEN KLEIN, MD**, controlled and controls, alone or in concert with others, **MONTEFIORE MEDICAL CENTER**.

27. At all times relevant herein, **STEVEN KLEIN, MD**, managed and manages, alone or in concert with others, **MONTEFIORE MEDICAL CENTER**.

28. At all times relevant herein, **STEVEN KLEIN, MD**, was and is on the staff of **MONTEFIORE MEDICAL CENTER**.

29. At all times relevant herein, defendant **STEVEN KLEIN, MD**, was and is professionally associated with **MOUNT VERNON NEIGHBORHOOD HEALTH CENTER, INC.**

30. At all times relevant herein, defendant **STEVEN KLEIN, MD**, was and is employed by **MOUNT VERNON NEIGHBORHOOD HEALTH CENTER, INC.**

31. At all times relevant herein, defendant **STEVEN KLEIN, MD**, was and is compensated by **MOUNT VERNON NEIGHBORHOOD HEALTH CENTER, INC.**

32. At all times relevant herein, defendant **STEVEN KLEIN, MD**, was and is a principal in **MOUNT VERNON NEIGHBORHOOD HEALTH CENTER, INC.**

33. At all times relevant herein, defendant **STEVEN KLEIN, MD**, was and is a shareholder in **MOUNT VERNON NEIGHBORHOOD HEALTH CENTER, INC.**

34. At all times relevant herein, defendant **STEVEN KLEIN, MD**, was and is a partner in **MOUNT VERNON NEIGHBORHOOD HEALTH CENTER, INC.**

6

35.     At all times relevant herein, defendant **STEVEN KLEIN, MD**, was and is an owner in **MOUNT VERNON NEIGHBORHOOD HEALTH CENTER, INC.**

36.     At all times relevant herein, **STEVEN KLEIN, MD**, shared and shares in the profits and losses of **MOUNT VERNON NEIGHBORHOOD HEALTH CENTER, INC.**

37.     At all times relevant herein, **STEVEN KLEIN, MD**, participated and participates in the professional decision-making of **MOUNT VERNON NEIGHBORHOOD HEALTH CENTER, INC.**

38.     At all times relevant herein, **STEVEN KLEIN, MD**, controlled and controls, alone or in concert with others, **MONTEFIORE MEDICAL CENTER**.

39.     At all times relevant herein, **STEVEN KLEIN, MD**, managed and manages, alone or in concert with others, **MONTEFIORE MEDICAL CENTER**.

40.     At all times relevant herein, **STEVEN KLEIN, MD**, was and is on the staff of **MONTEFIORE MEDICAL CENTER**.

41.     At all times relevant herein, **STEVEN KLEIN, MD**, had and has admitting privileges at **MONTEFIORE MEDICAL CENTER**.

42.     At all times relevant herein, **STEVEN KLEIN, MD**, had and has attending privileges at **MONTEFIORE MEDICAL CENTER**.

43.     At all times relevant herein, **STEVEN KLEIN, MD**, had and has treating privileges at **MONTEFIORE MEDICAL CENTER**.

44.     At all times relevant herein, **STEVEN KLEIN, MD**, had and has surgical privileges at **MONTEFIORE MEDICAL CENTER**.

45.     At all times relevant herein, **STEVEN KLEIN, MD**, supervised and supervises, alone or in concert, the staff of **MONTEFIORE MEDICAL CENTER**.

7

Case 7:21-cv-05447-NSR Document 1-1 Filed 06/21/21 Page 9 of 22

46.     At all times relevant herein, **STEVEN KLEIN, MD**, maintained and maintains an office for the practice of medicine in the County of Westchester, State of New York.

47.     At all times relevant herein, **STEVEN KLEIN, MD**, exercised and exercises his admitting privileges at one or more of the other defendant **MONTEFIORE MEDICAL CENTER'S** health care facilities.

48.     At all times relevant herein, **STEVEN KLEIN, MD**, exercised and exercises his treating privileges at one or more of the other defendant **MONTEFIORE MEDICAL CENTER'S** health care facilities.

49.     At all times relevant herein, **STEVEN KLEIN, MD**, exercised and exercises his surgical privileges at one or more of the other defendant **MONTEFIORE MEDICAL CENTER'S** health care facilities.

50.     At all times relevant herein, **MONTEFIORE MEDICAL CENTER,** its employees, agents and others acting on its behalf employed defendant **STEVEN KLEIN, MD,** to render medical, professional and health-related services, diagnoses, evaluations, analyses, assessments, treatment and surgery to patients, such as plaintiff **JOAN MASON.**

51.     At all times relevant herein, **MONTEFIORE MEDICAL CENTER,** its employees, agents and others acting on its behalf granted privileges to defendant **STEVEN KLEIN, MD,** to render medical, professional and health-related services, diagnoses, evaluations, analyses, assessments, treatment and surgery to patients, such as plaintiff **JOAN MASON.**

52.     At all times relevant herein, **MONTEFIORE MEDICAL CENTER,** its employees, agents and others acting on its behalf allowed defendant **STEVEN KLEIN, MD,** to render medical, professional and health-related services, diagnoses, evaluations, analyses, assessments, treatment and surgery to patients, such as plaintiff **JOAN MASON.**

53.     At all times relevant herein, **MONTEFIORE MEDICAL CENTER,** its employees, agents and others acting on its behalf supervised defendant **STEVEN KLEIN, MD,** in the rendering of medical, professional and health-related services, diagnoses, evaluations, analyses, assessments, treatment and surgery to patients, such as plaintiff **JOAN MASON.**

54.     At all times relevant herein, **MONTEFIORE MEDICAL CENTER,** its employees, agents and others acting on its behalf, directed defendant **STEVEN KLEIN, MD,** in the rendering of medical, professional and health-related services, diagnoses, evaluations, analyses, assessments, treatment and surgery to patients, such as plaintiff **JOAN MASON.**

55.     At all times relevant herein, **MONTEFIORE MEDICAL CENTER,** its employees, agents and others acting on its behalf, controlled defendant **STEVEN KLEIN, MD,** in the rendering of medical, professional and health-related services, diagnoses, evaluations, analyses, assessments, treatment and surgery to patients, such as plaintiff **JOAN MASON.**

56.     At all times relevant herein, **MONTEFIORE MEDICAL CENTER,** its employees, agents and others acting on its behalf managed defendant **STEVEN KLEIN, MD,** in the rendering of medical, professional and health-related services, diagnoses, evaluations, analyses, assessments, treatment and surgery to patients, such as plaintiff **JOAN MASON.**

57.     At all times relevant herein, **MOUNT VERNON NEIGHBORHOOD HEALTH CENTER, INC.,** its employees, agents and others acting on its behalf employed defendant **STEVEN KLEIN, MD,** to render medical, professional and health-related services, diagnoses, evaluations, analyses, assessments, treatment and surgery to patients, such as plaintiff **JOAN MASON.**

58.     At all times relevant herein, **MOUNT VERNON NEIGHBORHOOD HEALTH CENTER, INC.** its employees, agents and others acting on its behalf granted privileges to

9

defendant **STEVEN KLEIN, MD,** to render medical, professional and health-related services, diagnoses, evaluations, analyses, assessments, treatment and surgery to patients, such as plaintiff **JOAN MASON.**

59.     At all times relevant herein, **MOUNT VERNON NEIGHBORHOOD HEALTH CENTER, INC.,** its employees, agents and others acting on its behalf allowed defendant **STEVEN KLEIN, MD,** to render medical, professional and health-related services, diagnoses, evaluations, analyses, assessments, treatment and surgery to patients, such as plaintiff **JOAN MASON.**

60.     At all times relevant herein, **MOUNT VERNON NEIGHBORHOOD HEALTH CENTER, INC.,** its employees, agents and others acting on its behalf supervised defendant **STEVEN KLEIN, MD,** in the rendering of medical, professional and health-related services, diagnoses, evaluations, analyses, assessments, treatment and surgery to patients, such as plaintiff **JOAN MASON.**

61.     At all times relevant herein, **MOUNT VERNON NEIGHBORHOOD HEALTH CENTER, INC.,** its employees, agents and others acting on its behalf, directed defendant **STEVEN KLEIN, MD,** in the rendering of medical, professional and health-related services, diagnoses, evaluations, analyses, assessments, treatment and surgery to patients, such as plaintiff **JOAN MASON.**

62.     At all times relevant herein, **MOUNT VERNON NEIGHBORHOOD HEALTH CENTER, INC.,** its employees, agents and others acting on its behalf, controlled defendant **STEVEN KLEIN, MD,** in the rendering of medical, professional and health-related services, diagnoses, evaluations, analyses, assessments, treatment and surgery to patients, such as plaintiff **JOAN MASON.**

10

Case 7:21-cv-05447-NSR   Document 1-1   Filed 06/21/21   Page 12 of 22

63.     At all times relevant herein, **MOUNT VERNON NEIGHBORHOOD HEALTH CENTER, INC.,** its employees, agents and others acting on its behalf managed defendant **STEVEN KLEIN, MD,** in the rendering of medical, professional and health-related services, diagnoses, evaluations, analyses, assessments, treatment and surgery to patients, such as plaintiff **JOAN MASON.**

64.     At all times relevant herein, defendants, individually and collectively, held themselves out and continue to hold themselves out to the general public and to plaintiff, in particular, to be duly qualified and capable of rendering, furnishing and supplying good, proper, safe and adequate medical, professional and health-related services, diagnoses, evaluations, analyses, assessments, treatment, surgery and care.

65.     At all times relevant herein, defendants, individually and collectively, rendered, furnished, administered, and supplied health-related services to the general public, and for such purposes, solicited, hired, retained, engaged, appointed, and/or associated with physicians, residents, interns, fellows, nurses, clinicians, social workers, technicians, therapists, assistants and other health-care professionals, and represented to the general public and to the decedent and plaintiffs herein, in particular, and continue to represent that these individuals were and are qualified and capable of rendering health-related services in accordance with good, competent, proper, safe, adequate and professional medical, nursing and hospital procedures and practice.

66.     Between on or about June 9, 2016 and in or about January 2017, defendants, jointly and severally, did, in fact, render medical, professional and health-related services, diagnoses, evaluations, analyses, assessments, treatment and surgery to **JOAN MASON**.

67.     This action falls within one or more exceptions set forth in the Civil Practice Laws and Rules Section 1602.

11

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST ALL DEFENDANTS,
## PLAINTIFF ALLEGES AS FOLLOWS:
### (Medical Malpractice)

68.     Plaintiff repeats and re-alleges the statements contained in paragraphs "1" though "67" herein with the same force and effect as if fully set forth herein.

69.     Defendants, jointly and severally, together with their agents, servants, associates, partners, contractors, and/or employees, owed a duty to their patients and to plaintiff, in particular, to conform to the practices and standards of care considered acceptable in the medical and health care communities and under the salient and then-existing circumstances in rendering medical, professional and health-related services, diagnoses, evaluations, analyses, assessments, treatment and surgery.

70.     Defendants, jointly and severally, together with their agents, servants, associates, partners, contractors, and/or employees, deviated and/or departed from the practices and standards considered acceptable in the medical and health care communities and under the salient and then-existing circumstances in rendering medical, professional and health-related services, diagnoses, evaluations, analyses, assessments, treatment and surgery.

71.     By virtue of the foregoing acts and omissions which constituted violations of statute and the common law, defendants, joint and severally, deprived plaintiff of adequate medical, professional and health-related services, diagnoses, evaluations, analyses, assessments, treatment and surgery, caused her to sustain serious personal injuries, caused him to endure the concomitant severe and tremendous conscious pain and suffering, mental anguish and loss of enjoyment of life, and caused her to undergo additional medical treatment(s).

12

Case 7:21-cv-05447-NSR   Document 1-1   Filed 06/21/21   Page 14 of 22

72.     Plaintiff's injuries were caused due to the carelessness, negligence, and departures from accepted and proper medical, surgical and other good practices, including lack of informed consent, on the part of defendants herein, their agents, servants, and/or employees, in the care and treatment or lack thereof that was rendered and tendered to plaintiff herein, for the period of time she was under the care of defendants herein.

73.     As a substantial, competent and/or proximate result of the foregoing, plaintiff was damaged in a sum in excess of the jurisdictional limit of all the lower courts which would otherwise retain jurisdiction over this matter, and incurred lien(s) and/or "rights of recovery" by private and/or governmental health insurance program(s) that paid for the plaintiff's health-related services.

**AS AND FOR A SECOND CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS,**
**PLAINTIFFS ALLEGE AS FOLLOWS:**
**(Negligence)**

74.     Plaintiff repeats and re-alleges the statements contained in paragraphs "1" though "73" herein with the same force and effect as if fully set forth herein.

75.     Defendants, jointly and severally, together with their agents, servants, associates, partners, contractors, and/or employees, owed a duty to their patients and to plaintiff, in particular, to exercise reasonable care, diligence and prudence, and to utilize a reasonable degree of knowledge, skill and judgment in compliance with the standard of care that similar individuals and entities in the medical, nursing and hospital communities customarily exercise under the salient and then-existing circumstances in rendering medical, professional and health-related services, diagnoses, evaluations, analyses, assessments, treatment and surgery.

76.     Defendants, jointly and severally, together with their agents, servants, associates,

13

partners, contractors, and/or employees, failed to exercise reasonable care, diligence and prudence in rendering health-related services, and failed to utilize a reasonable degree of knowledge, skill and judgment in compliance with the standard of care that similar individuals and entities in the medical, nursing and hospital communities customarily exercise under the salient and then-existing circumstances in rendering medical, professional and health-related services, diagnoses, evaluations, analyses, assessments, treatment and surgery.

77.     By virtue of the foregoing acts and omissions which constituted violations of statute and the common law and negligence, defendants deprived the decedent of adequate health-related services, caused her to sustain serious personal injuries, caused him to endure the concomitant severe and tremendous conscious pain and suffering, mental anguish and loss of enjoyment of life, and caused her to undergo additional medical treatment(s).

78.     As a substantial, competent and/or proximate result of the foregoing, plaintiff was damaged in sums in excess of the jurisdictional limit of all the lower courts which would otherwise retain jurisdiction over this matter, and incurred lien(s) and/or "rights of recovery" by private and/or governmental health insurance program(s) that paid for the plaintiff's health-related services.

**AS AND FOR A THIRD CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS,**
**PLAINTIFF ALLEGES AS FOLLOWS:**
**(Negligent Retention)**

79.     Plaintiffs repeat and re-allege the statements contained in paragraphs "1" though "78" herein with the same force and effect as if fully set forth herein.

80.     Defendant health-care facilities, jointly and severally, together with their agents, servants, associates, partners, contractors, and/or employees, owe a duty to their patients and owed

14

a duty to the decedent, in particular, to hire, retain, engage, appoint, employ and contract with health-care professionals who would exercise reasonable care, diligence and prudence in rendering health-related services and who would not deviate and/or depart from the practice and standards accepted in the medical, nursing and hospital communities, who would exercise reasonable care, diligence and prudence in rendering health-related services, and who would utilize the reasonable degree of knowledge, skill and judgment that is expected of them given the standards in the medical, nursing and hospital communities and under the salient and then-existing circumstances.

81.    Defendant health-care facilities, jointly and severally, together with their agents, servants, associates, partners, contractors, and/or employees, failed to exercise reasonable care, diligence and prudence in retaining, engaging, appointing, employing and contracting with health-care professionals who would exercise reasonable care, diligence and prudence in rendering health-related services and who would utilize the reasonable degree of knowledge, skill and judgment that is expected of them given the standards in the medical, nursing and hospital communities and under the salient circumstances, which failures constituted negligence.

82.    By virtue of the foregoing acts and omissions which constituted violations of statute and the common law and negligence, defendants deprived the decedent of adequate health-related services, caused him to sustain serious injuries, caused him to endure the concomitant severe and tremendous conscious pain and suffering, mental anguish and loss of enjoyment of life, and caused him to undergo medical treatment(s).

83.    As a substantial, competent and/or proximate result of the foregoing, plaintiff was damaged in sums in excess of the jurisdictional limit of all the lower courts which would otherwise retain jurisdiction over this matter, and incurred lien(s) and/or "rights of recovery" by private and/or governmental health insurance program(s) that paid for the plaintiff's health-related

15

services.

**AS AND FOR A FOURTH CAUSE OF ACTION
AGAINST ALL DEFENDANTS
PLAINTIFF ALLEGES AS FOLLOWS:**
**(Loss of Services)**

84.     Plaintiffs repeat, reiterate and re-allege all allegations set forth in paragraphs "1"

through "83" with the same force and effect as if fully set forth herein.

85.     At all times herein before mentioned, plaintiff, **WILLIAM MASON**, was the

lawful spouse of plaintiff, **JOAN MASON**, and the two cohabitated as husband and wife.

86.     By reason of the foregoing medical malpractice and negligence of the defendants

herein and without any negligence or culpable conduct on his part contributing thereto, the

plaintiff, **WILLIAM MASON** has been deprived of the consortium, services, love and affection

of his wife, all to his damage in an amount which exceeds the jurisdictional limits of all the other

courts.

87.     Plaintiff, **WILLIAM MASON**, seeks recovery for the loss of service of his wife,

**JOAN MASON**, in a sum of money that exceeds the monetary jurisdiction of all lower courts.

88.     That the incident herein, and the injuries claimed, were caused solely and

exclusively by the negligence, lack of care, medical malpractice, and fault of the defendants, their

agents, servants and/or employees and were not caused, contributed to or the result of any fault,

negligence or lack of due care on the part of the plaintiffs herein.

**AS AND FOR A FOURTH CAUSE OF ACTION
AGAINST ALL DEFENDANTS,
PLAINTIFF ALLEGES AS FOLLOWS:**
**(Respondeat Superior)**

89.     Plaintiff repeats and re-alleges the statements contained in paragraphs "1" though

"88" herein with the same force and effect as if fully set forth herein.

16

90.     At all times relevant herein, defendants, jointly and severally, are and were vicariously liable under the doctrine of respondent superior for the acts, omissions, failures, deviations and departures of the individuals whom they hired, retained, engaged, appointed, employed and/or contracted with, including but not limited to the health-care professionals that rendered health-related services in their facilities and the health-care professionals individually named as defendants herein.

91.     At all times relevant herein, defendants, jointly and severally, together with their agents, servants, associates, partners, contractors, and/or employees, managed, controlled, directed, and/or supervised the individuals whom they hired, retained, engaged, appointed, employed and/or contracted with, including but not limited to the health-care professionals that rendered health-related services in their facilities and the health-care professionals individually named as defendants herein.

92.     At all times relevant herein, defendants, jointly and severally, together with their agents, servants, associates, partners, contractors, and/or employees, by their words and conduct, created the appearance to the general public, and to plaintiff, in particular, that the professionals whom they hired, retained, engaged, appointed, employed and/or contracted with, including but not limited to the health care professionals that rendered health-related services in their facility and the health-care professionals individually named as defendants herein, possess and possessed the authority to act on their behalf in the provision of health-related services.

93.     At all times relevant herein, plaintiff herein reasonably believed that the individuals whom defendants hired, retained, engaged, appointed, employed and/or contracted with, including but not limited to the health care professionals that rendered health-related services in their facilities and the health-care professionals individually named as defendants herein, possessed the

17

authority to act on behalf of defendants.

94.     At all times relevant herein, plaintiff accepted defendants' services in reliance upon the perceived and apparent relationship between principals and their agents.

95.     At all times relevant herein, defendants, jointly and severally, together with their agents, servants, associates, partners, contractors and/or employees, were vicariously liable for the acts, omissions, failures, deviations and departures of the individuals whom they hired, retained, engaged, appointed, employed and/or contracted with, including but not limited to the health-care professionals that rendered health-related services in their facilities and the healthcare professionals individually named as defendants herein, for those acts, omissions, failures, deviations and departures which constituted negligence and medical malpractice.

96.     By virtue of the foregoing acts, omissions, failures, deviations and departures which constituted violations of statute and the common law, negligence, and medical and nursing malpractice, defendants, jointly and severally, deprived plaintiff of adequate health-related services, caused him to sustain serious damage, caused him to endure the concomitant severe and tremendous conscious pain and suffering, mental anguish and loss of enjoyment of life, and caused him to undergo medical treatment(s).

97.     As a result of the foregoing, plaintiff was damaged in sums in excess of the jurisdictional limit of all the lower courts which would otherwise retain jurisdiction over this matter, and incurred lien(s) and/or "rights of recovery" by private and/or governmental health insurance program(s) that paid for plaintiff's health-related services.

## STATEMENT REGARDING THE DOCTRINE OF RES IPSA LOQUITOR

98.     Plaintiffs repeat and re-allege the statements contained in paragraphs "1" though "97" herein with the same force and effect as if fully set forth herein.

18

99.     The doctrine of *res ipsa loquitor* is applicable in this action in that at all times relevant herein, plaintiff was under the supervision, treatment and care of defendants, jointly and severally, together with their agents, servants, associates, partners, contractors and/or employees, and the occurrences that lead to plaintiff's condition do not ordinarily happen absent negligence, violation of statute and medical malpractice, and accordingly, plaintiff's injuries must have been caused by an agency(ies) or instrumentality(ies) which was (were) within exclusive control of defendants.

100.    By virtue of the foregoing, plaintiff specifically reserve the right to rely upon the doctrine of res ipsa loquitor, in whole or in part, to prove defendants' liability herein.

## JURY DEMAND

Plaintiffs seek a trial by jury on all causes of action which they have asserted or may assert in any amended or supplemental pleading.

**WHEREFORE**, plaintiff demands judgment of the defendants in each of the Causes of Action in a substantial sum of money in excess of the jurisdictional limits of all lower Courts, to be determined by the Court and jury, together with the costs, disbursements and attorneys' fees in this action.

Dated: New York, New York
       December 6, 2018

Yours, etc.,

JOSH H. KARDISCH
RUSSO & TONER, LLP
Attorney for Plaintiffs
33 Whitehall Street, 16th Floor
New York, New York 10004

To:     STEVEN KLEIN, MD
        Mount Vernon Neighborhood Health Center
        107 West 4th Street

19

Case 7:21-cv-05447-NSR   Document 1-1   Filed 06/21/21   Page 21 of 22

Mount Vernon, NY 10550

STEVEN KLEIN, MD
150 Longwood Avenue
New Rochelle, NY 10550

MOUNT VERNON NEIGHBORHOOD HEALTH CENTER, INC.
107 West Fourth Street
Mount Vernon, New York, 10550

MONTEFIORE MEDICAL CENTER
16 Guion Place
New Rochelle, NY 10801-5502

MONTEFIORE MEDICAL CENTER
111 East 210th Street
Bronx, NY 10467

20

## ATTORNEY'S VERIFICATION

**JOSH H. KARDISCH,** an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney with **RUSSO & TONER, LLP**, attorneys of record for the plaintiffs in the action within. I have read the annexed: **SUMMONS AND VERIFIED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those therein which stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge is based upon facts, records and other pertinent information contained in my files.

The reason I make the foregoing affirmation instead of the plaintiffs is because plaintiffs reside in a county other than the county in which the attorneys for plaintiff maintain their offices.

Dated: New York, New York
      December 6, 2018

                                      JOSH H. KARDISCH, ESQ.

21