```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
                                    USDC SDNY
                                    DOCUMENT
                                    ELECTRONICALLY FILED
                                    DOC #: _____
                                    DATE FILED: 07/05/2022
```

JOAN MASON and WILLIAM MASON,

                     Plaintiffs,

-against-

STEVEN KLEIN, M.D., MONTEFIORE
MEDICAL CENTER, and MOUNT VERNON
NEIGHBORHOOD HEALTH CENTER, INC.,

                     Defendants.

No. 21 Civ. 5447 (NSR)

OPINION AND ORDER

NELSON S. ROMÁN, United States District Judge

      Plaintiffs Joan Mason and William Mason (collectively, "Plaintiffs") commenced this action on December 7, 2018, in New York Supreme Court, Westchester County, against Dr. Steven Klein ("Dr. Klein"), Montefiore Medical Center and Mount Vernon Neighborhood Health Center, Inc. ("the Health Center") (collectively, "Defendants"), asserting claims of medical malpractice, negligence, and loss of consortium[1] arising from medical care provided to Joan Mason. (*See* "Complaint," ECF No. 1-1, Exh. A.) On June 21, 2021, the United States removed the action to federal court under the Public Health Service Act, 42 U.S.C. § 233(c), and the Federal Torts Claims Act (the "FTCA"), 28 U.S.C. § 2679(d)(2). ("Notice of Removal," ECF No. 1-2, Exh. B.)

      Presently before the Court is the United States' motion to substitute the United States for Defendant Health Center, as the proper party, pursuant to the FTCA, 28 U.S.C. §§ 1346(b), 2671–2680, and to dismiss Plaintiffs' claims against the United States under Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"). (ECF No. 14.) For the following reasons, the Court GRANTS the United States' motion in its entirety.

---

[1] Plaintiff William Mason's claim for loss of consortium is a derivative claim.

## BACKGROUND

### I. Factual Background

The following facts are derived from Plaintiffs' Complaint (ECF No. 1-1) and are presumed to be true for purposes of this motion.

Between June 9, 2016, and January 2017, Defendants jointly, and severally, rendered medical, professional and health-related services, diagnoses, evaluations, analyses, assessments, treatment and surgery to Plaintiff Joan Mason. (Compl. ¶ 66.) Plaintiffs allege that Dr. Klein was an employee of and under the supervision of the Health Center when he provided health services to Plaintiff Joan Mason. (*Id.* ¶ 62.)

Due to carelessness, negligence, and departures from accepted and proper medical surgical, and other good practices, including lack of informed consent, Defendants deprived Plaintiff Joan Mason of adequate medical, professional, and health-related services, diagnoses, evaluations, analyses, assessments, treatment and surgery, which caused her to sustain serious personal injuries. (*Id.* ¶¶ 71–72.)

Defendants' conduct caused Plaintiff Joan Mason to sustain serious personal injuries, to endure the concomitant severe and tremendous conscious pain and suffering, mental anguish, loss of enjoyment of life, and to undergo additional medical treatment(s). (*Id.* ¶¶ 71, 77, 82, 96.) As a result, Defendants also deprived Plaintiff William Mason, Joan Mason's spouse, of the consortium, services, love, and affection of his wife. (*Id.* ¶¶ 85–87.)

### II. Procedural History

Plaintiffs commenced this action on December 7, 2018, in New York State Supreme Court, Westchester County, against Defendants. (*See* Compl., ECF No. 1-1.) On June 21, 2021, pursuant to the Public Health Service Act, 42 U.S.C. § 233(c) and the FTCA, 28 U.S.C. § 2679(d)(2), the action was removed to federal court on the basis that the Health Center and its staff, as employee(s) of the

United States, were acting within the scope of their employment when they provided medical and health related care to Plaintiff Joan Mason, for which Plaintiffs seek monetary damages. (Not. of Removal, ¶¶ 3, 5, ECF No. 1.)[2]

On August 23, 2021, the United States sought leave of court to file the instant motion, which the Court granted. (ECF Nos. 10 & 11.) On November 19, 2021, the United States filed its notice of motion (ECF No. 14), its memorandum of law ("Motion," ECF No. 15), and a declaration with an accompanying exhibit. (ECF No. 16). Plaintiffs has failed to serve or file any opposition.

## LEGAL STANDARD

Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The party invoking the Court's jurisdiction bears the burden of establishing that jurisdiction exists. *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). "[T]he court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000). While a court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, [it] may not rely on conclusory or hearsay statements contained in the affidavits." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).

---

[2] The United States also filed an accompanying Employment Certification as required by 28 U.S.C. § 2679(d)(2). (*See* ECF No. 1-2.)

**DISCUSSION**

In their Complaint, Plaintiffs assert claims of (1) medical malpractice; (2) negligence; (3) negligent retention; (4) loss of services; and (5) liability under *respondeat superior*. (*See* Compl. at 12–18.) Plaintiffs seek to assert liability, *inter alia*, under the legal doctrine of *res ipsa loquitor*. (*See id.* at 18–19.)

By its motion, the United States seeks (1) to substitute itself as Defendant in place of the Health Center; and (2) upon substitution, to dismiss the Complaint as against the United States for lack of subject matter jurisdiction. (*See* Mot. at 4, 6.) The Court addresses these arguments below.

I. **Motion to Substitute**

The United States contends that it should be substituted as Defendant in place of the Health Center because, as a federally funded public health center, the Health Center is deemed an employee of the United State Public Health Service for tort liability purposes under the Public Health Service Act, 42 U.S.C. § 233(g). (*See* Mot. at 1.) Thus, the United States maintains that Plaintiffs' exclusive remedy for their claims as against the Health Center and its employees is against the United States under the FTCA, 28 U.S.C. §§ 1346(b), 2671-80. (*Id.*) After due consideration, the Court agrees.

The FTCA, 28 U.S.C. §§ 1346(b), 2671-80 allows "civil actions on claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). In exceptional circumstances, immaterial here, this remedy "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim." *Id.* § 2679(b)(1).

The FTCA provides that any state court action against a federal employee shall be removed to federal court "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose."

*Id.* § 2679(d)(2). Further, "[s]uch action or proceeding shall be deemed to be an action or proceeding brought against the United States [,] . . . and the United States shall be substituted as the party defendant." *Id.*

Here, Audrey Strauss, the United States Attorney for the Southern District of New York at the time the action was commenced, certified that the Health Center was acting within the scope of its employment with the United States Public Health Service under the Public Health Service Act, as amended by the Federally Supported Health Centers Assistance Act of 1995, 42 U.S.C. § 233(g)-(n), during the period of January 1, 2016, to December 31, 2017. (*See* ECF No. 1-2.) Further, as of January 1, 2015, the Secretary of the United States Department of Health and Human Services ("DHHS") found the Health Center to be an employee of the United States Public Health Service for purposes of civil actions seeking damages for personal injury resulting from the performance of medical, surgical, dental, or related functions and therefore, eligible for FTCA coverage. (Mot. at 3; ECF No. 16 ¶ 5; ECF No. 16-1.) None of Plaintiffs' submissions dispute that the Health Center was acting within the scope of its employment.

The Court finds that the Health Center was an employee of the United States, and its employees were acting within the scope of its federal employment when they provided health related services during the alleged events. Therefore, the United States is substituted as the proper Defendant.

**II. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

The United States further asserts that upon substitution, the Court must dismiss the Complaint as against the United States for lack of subject matter jurisdiction on the grounds that the FTCA requires tort claimants, as a condition of the United States' waiver of its sovereign immunity, to exhaust their administrative remedies before bringing an action in federal court. (*See* Mot. at 1.) Since Plaintiff has failed to file an administrative claim with DHHS, the United States asserts Plaintiffs' claims should be dismissed. (*Id.*) The Court agrees.

To properly maintain a claim under FTCA, plaintiff must comply with strictly construed prerequisites to suit. 28 U.S.C.A. §§ 1346, 2671 et seq.; *State Farm Mut. Auto. Ins. Co. v. United States*, 326 F. Supp. 2d 407 (E.D.N.Y. 2004). The FTCA provides in relevant part, that "[a]n action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and [their] claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a); *see McNeil v. United States*, 508 U.S. 106, 111 (1993) (describing the exhaustion requirement as "unambiguous"). "[A]ll suits against the United States, including those originating in state court against defendants yet to be formally replaced by the United States, must be subject to the administrative-exhaustion requirements specified in 28 U.S.C. § 2675." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 83–84 (2d Cir. 2005) (discussing 28 U.S.C. § 2679(d)(5)). Such exhaustion requirement is "jurisdictional and cannot be waived." *Id.* at 82. If plaintiffs fail to first submit their claims to the appropriate agency and exhaust their administrative remedies, then a district court can properly dismiss their tort claims for want of subject matter jurisdiction. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *Foster v. Fed. Emergency Mgmt. Agency*, 128 F. Supp. 3d 717, 728 (E.D.N.Y. 2015) ("Failure to comply with [exhaustion] results in dismissal of the suit.").

Here, the United States correctly asserts that the Court must dismiss all claims asserted against the United States for lack of subject matter jurisdiction because there is no indication that Plaintiffs availed themselves of the administrative process which is a prerequisite. Specifically, they failed to file an administrative tort claim and exhaust the administrative process. In support, the United States submits the sworn declaration of Meredith Torres, a Senior Attorney in the General Law Division from the Office of the General Counsel at DHHS, who upon searching the Claims Office's database determined there was no record of an administrative tort claim filed by either Plaintiffs or their authorized representative relating to medical care provided by the Health Center or its employees.

(ECF No. 16 ¶¶ 1, 4.) Accordingly, the Court must dismiss Plaintiffs' claims as against the United States for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the United States' motion to substitute itself as the properly named Defendant for the Mount Vernon Health Center, and upon substitution, the Court DISMISSES all claims asserted against the United States, and its employees, for lack of subject matter jurisdiction. Since no federal claim remains, the Court REMANDS Plaintiffs' remaining state court claims to the Supreme Court of the State of New York, County of Westchester. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 14. This constitutes the Court's Opinion and Order.

Dated:  July 5, 2022
        White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge